Your Honor, this is the first case of the morning. Call 212-0296, American Access Casualty v. State Farm Insurance. On behalf of the appellant, Mr. Keith Ryan. On behalf of the appellant, Ms. Keely Hillis. Thank you. First of all, good morning. We want to apologize. We had a case that was on the 830 call that actually got continued, and then we bumped all these cases around, which I'm sure you received notice of. And that just resulted in a little bit of confusion this morning. So we apologize for the delay, but we are prepared to proceed. Mr. Ryan. Good morning, Your Honors. May it please the Court, my name is Keith Ryan. I'm the attorney for the appellant's State Farm Insurance Company. I'm here today to ask you to reverse the trial court's granting of summary judgment in American Access' favor. Additionally, we are asking you today to find that the exclusion of Anna Reyes as an excluded driver on her insurance policy is invalid, and that therefore, the insurance policy should provide coverage for Anna Reyes and the accident that she was involved in. Mr. Ryan, can you tell us why Anna Reyes is excluded? No, Your Honor. We do not have that information, and the American Access has never provided that information in their motion for summary judgment or at any time. Your Honor, as we know, Illinois courts have never upheld an insurance policy exclusion where the excluded driver was the sole applicant, the sole payer, the sole owner, and the sole insured, and that is what occurred in the case at Barr. There are no cases, though, that address that particular point, are there? No, there are no cases that address that point. However, it is the burden of the appellee to show that their exclusion is valid. We all know in Illinois, owners and operators of motor vehicles have to have insurance coverage. We also know that Illinois courts have allowed certain exclusions to coverage to be allowed. However, as I said, it's the appellee's burden to show that the exclusion in this case has been allowed by Illinois courts, and it has not in any case. And again, we hold that to exclude the only named driver, the only applicant, the only payer, is just absurd and would be an extension taken to exclusions too far. Let me ask you this question. What if, for example, Anna Reyes was illegal and she didn't have a driver's license, and yet she bought a car, and she needed to have insurance on the car or maybe to take it off the lot. How could they include her as a driver, or what can she do about the insurance requirements in Illinois? It would likely be that, yes, an owner of the vehicle would have to have insurance, and it is likely that she would be an excluded driver as she does not have a valid license. Yes, however, in this case, she does have a valid license. And so therefore, she should not be excluded. Excuse me. Is that in the record anywhere, that she has a valid license? She has a valid license. I believe it is on the application, Your Honor. The fact that there is no violation referred to on the application, therefore, it can be inferred that she did have a valid driver's license. Inferred, but there's nowhere in the record where it affirmatively shows she had a valid license to operate a vehicle in Illinois. Is that correct? I believe you're correct, Your Honor, that there is nowhere in the record that shows she has a valid driver's license. What about someone that owns a car, and maybe can drive, and then all of a sudden can't drive for some reason? Because a lot of times people get their licenses pulled because of having seizures, things of that nature. But they need to get to the doctor, and they're the sole owner of the car, and they need somebody else to drive them to the doctor or something. What happens with someone like that? Absolutely. The permissive use would allow that. No, but I'm saying if the policy excluded them. If the policy excluded them, that would be acceptable because they do not have a valid driver's license or are unable to drive. But once again, that's not the case here. There's no evidence. Again, where does it show that she has a valid license? There is no evidence in the record. However, there's also no evidence that she doesn't have a valid driver's license. And again, it is the burden of the appellee to show that this exclusion is valid. That would be an issue of fact for the trier of fact, wouldn't it, whether or not she had a valid driver's license? Yes, that would be an issue of fact for the trier of fact. So you're saying it would be perfectly acceptable to exclude an owner who does not have a valid license or for medical reasons would have had a license canceled? Yes. Like seizures, loss of sight, whatever? Yes, Your Honor. Those are all valid reasons for an owner to be excluded from the policy. So no trial court, this trial court in particular, who wasn't Judge Mueller, never knew whether or not she had a valid driver's license? That is correct, Your Honor. That was not determined prior to the motion for summary judgment. Okay. But again, no courts, the Illinois courts have not held that the exclusion in this case has been valid. And we're asking that this court does not extend previous Illinois court decisions to include an exclusion such as one in this case. Even if it is, as we've been discussing, where if she does not have a valid license, then she could be excluded. However, as that is not in evidence at the moment, let's take, I'd like this court to infer for the sake of argument that she did have a valid license. As it is not listed as a violation on her application, I think it is more likely than not that she does have a valid license. Also, the police report is part of the record, and there is no ticket or any information. Is there a driver's license number listed on the ticket? For the police report, I apologize. Yes, Your Honor. On the police report, there is a driver's license number. Would you like the number, Your Honor? That's okay. It does not state that the license is valid, but again, she was not issued a ticket for an invalid license. So once again, I ask this court, for the sake of argument, to infer that she did have a valid license. And once again, she did have a valid license. She was the owner, the only applicant, the only named insured on this policy. I do not believe that this is... Does the statute mean that you have to, when the statute says that policy must include or must insure the named owner? Is that what you're hanging your hat on? Yes, that is partially what we're hanging our hat on. Again, yes, that a named owner needs to be included. However, again, there are exceptions and exclusions that have been allowed by Illinois courts. But those didn't come out in the hearing? No exceptions or exclusions were discussed in this motion for summary judgment? No, Your Honor. I don't believe so. Talk to me about this individual whom your opponent alleges, well, it allowed Jose Cesarez to drive with an out-of-country or an international driver's license. I'm sorry, Your Honor, what is the question? They're talking about this out-of-country or international driver's license, and they're kind of falling back on that and saying, well, she couldn't drive, but it allowed him to drive. What's your take on that? What's your position on that? Our position on that is even though this particular policy did not include the reasonable expectation clause that other policies have been before the Supreme Court on, we believe that he does not have a valid driver's license, and he would not be covered by this policy of insurance because he does not have a valid driver's license. The application itself, on its face, states that this is a violation. Where we find out that he has an out-of-country international license is in the section marked violations on the application of the policy. So it's our argument that if the appellee is trying to argue that Anna Rae has purchased this policy in order for him to drive her car around, we believe that that's inappropriate. As in most of the cases, and like in Nuno's, it was the owner of the vehicle had a policy of insurance, and the individual with an invalid license was an excluded driver, and that's what was appelled. Maybe even exclusion in this case was misnomer. She signed up and thought he was going to be excluded. It's a more likely scenario than the fact that she would be excluded from her own policy and then drive her car a month later. That is just not logical, and it's nonsensical on its face that she would be excluded from this policy. Were there any depositions prior to this motion for summary judgment? No, Your Honor, no depositions were taken. As well, I don't believe any written discovery was done on this case prior. So if we remanded this back for a factual finding on the status of her license and it was not valid, you concede you'd lose? Your Honor, it's an interesting question. I'm not sure I concede that we'd lose, but my position would be different than the one I'm presenting here to you today. I cannot say if I would concede it, but that is definitely a different issue, and my arguments before this court today would be different. So you're not urging us to say that an owner always has to be insured? No, not at all, Your Honor. We're just saying in this particular case, and again, if you look at the case law in Progressive and State St. Paul and Founders, I mean, in all of those cases, the holdings are narrow. In fact, in many of those cases, they're saying this applies simply to the exclusion in this case. Because there are specific reasons why in St. Paul or in Dungy or the other cases there was an exclusion. Yes. We don't have a basis for an exclusion in this case. Correct, Your Honor. That is our argument here today. We're not saying that all owner exclusions are invalid. We're saying that the particular one in this case... Which we don't know what it is. Do we know what it is? We don't know why she was excluded from the policy. Was there ever any testimony or any affidavit supporting the motion for summary judgment that indicated why it was that they were excluding her as a driver on this policy? No, Your Honor. There's no information as to why she was excluded as a driver from the policy. And again, it is for those reasons that this particular exclusion, they have not given any justification for the exclusion as to why this exclusion should be held to be invalid. And also, I know that Apolli made the argument, well, if this exclusion is invalid, then the whole policy is invalid. However, if you look at State Farm v. Smith, the 2001 Illinois Supreme Court decision, that was the business exemption about the valet driver driving the car. They found that that exclusion was invalid, but they did not find that the whole policy was invalid. In fact, they found that exclusion to be invalid and that, therefore, there were no other reasons for the motion for summary judgment. It should be denied, and therefore, there was coverage. So if this Court, which we urge, finds that the exclusion is invalid, that does not negate the whole policy of insurance, and therefore, there would be insurance coverage for Anna Reyes in this particular case. Do you recross motions for summary judgment? Your Honor, I don't recall if there were cross motions for summary judgment in this matter.  So really, you're asking us to reverse the demand before the proceedings, correct? Your Honor, if you bear with me for one moment. In effect, yes, we do not have our own motion for summary judgment on this issue. But again, the Smith Court, I don't believe they're competing motions for summary judgments in that case. However, I'm not sure. I would need some time to look that up. But I believe that you could still rule by denying the motion for summary judgment. You can additionally rule that this exclusion is invalid. I believe that the Court has that power today to do that. So we would ask that the Court find that this exclusion is invalid. And just for my clarification, our standard of review here is de novo. Yes, Your Honor, it is de novo for motions for summary judgment. Additionally, as Epelee in the response asked for Supreme Court Rule 375 sanctions, we address this in our reply. We believe that those sanctions are inappropriate. We do have a good faith basis for this, as the Court has heard today. Additionally, there is case law, RBS Citizens v. TRG, which is a 2011 First District case. In that case, the trial court granted a motion to dismiss, then denied a motion to reconsider, and it went up to the appellate court, and the appellate court held that it's not unreasonable to appeal, given that the primary issues on appeal were de novo. It was regarding an ambiguity foreclosure action in a policy. And again, the case before you today is about an insurance policy with de novo review, so we believe we are making a good faith argument and that Rule 375 sanctions are not appropriate in this particular case. Your Honor, the case before you is based on Epelee's motion for summary judgment. It's their burden to show that Illinois case law supports the exclusion in this particular case. And we urge this Court to find that there is no Illinois case law to apply this exclusion, and we urge this Court not to allow this exclusion, as it would violate public policy, because this takes exclusions, once again, to the furthest degree, where it's the only applicant, the only owner, and the only named insurative that is being excluded. Thank you, Your Honor. Ms. Hilsen, you may proceed. May it please the Court. I'm Keely Hilsen on behalf of the Epelee Plaintiff, American Access. First, I'd like to address the question of whether or not Anna Reyes had a valid driver's license. I think that issue is a red herring. And I say this because the Supreme Court in the Dungy case, Dungy v. Haynes in Britain, upheld a named driver exclusion, such as this one, that excluded one of the owners of the vehicle. And the reason stated in that case for the issuance of the named driver exclusion was not that the driver had an invalid license or lacked a valid license, but only that he had received a reckless driving ticket some years earlier. Right, and that's a basis and a reason for excluding him.  What was the reason given to the trial court in the motion for summary judgment as to why Anna Reyes was excluded as a driver? I don't think the reason for the exclusion ever came out in the trial court because it wasn't really raised as an issue, as far as I know, in the trial court in ruling on the summary judgment. The argument was, for whatever reason, we issued this named driver's exclusion, she signed it, that's what she purchased, and I think the judge decided based on that. So I don't think that the reason for issuance of that ever came out. So don't we need to know the reason for the suspension in order to determine whether it was against public policy? The reason for the exclusion. The reason for the exclusion in order to determine whether or not it was against public policy? I don't think you do. I don't think you do. Why not? Because the Supreme Court, none of the cases that have dealt with this have said that you have to have a good reason for the exclusion. But isn't every case that has dealt with it thus far, given the basis for the exclusion, in determining whether or not it was against public policy, i.e. St. Paul, where they talked about Williams' driving record, where the Dungy case or the Heritage case, the pizza delivery case, didn't they always give a reason why that individual was excluded or why there was an exclusion in the policy? In those early cases, the first cases deciding the issue, yes. But we're at a point now where the law is already established, so the court below didn't think it was necessary to go into the reason why, and we didn't think it was necessary to go into the reason why. Under the law, we thought this exclusion was valid, and I'm sure it was issued for a reason, but the reason did not come out in the trial court. Aren't you curious, or shouldn't we be curious as to what the reason was why you sell a policy to a woman and exclude her or a man? I don't mean to be sexist. A woman or a man, you sell them a policy and exclude them, the driver and the owner of the vehicle, and then put somebody on there who can drive who really legally cannot drive. So aren't you selling them something that really is ineffective? That is what? Ineffective. How do you cover them for an accident if this illegal alien with an out-of-country driver's license gets into an accident? First of all, I don't think he is an illegal alien. There's nothing in the record to show that. And we're not excluding coverage for him. Counsel refers to this unreasonable belief exclusion. I don't think that was in this policy. He hasn't pointed to any provision in this policy that would exclude coverage for the listed operator, Jose, I can't remember his last name, Cazares. Cazares. Cazares. There's no indication that he wouldn't be covered. The cases that have decided and upheld the named driver's exclusion have not made any distinction between whether the excluded driver was a permissive driver or the named insured or an owner. As far as we know, they haven't addressed specifically whether a named driver can be excluded under these. However, there are public policy reasons for upholding these. The named insured cases are where there's a named insured that may be excluded but another named insured that's not. Husband and wife situation. Correct. And I think if this court were to hold that an automobile insurer cannot issue a named driver exclusion excluding coverage for a named driver, I think that will open a whole can of worms and undermine the whole reason that these named driver exclusions are allowed. Because under the typical automobile insurance policy, including the policy, in this case the American Access policy, named driver is insured within the policy. Named driver is defined within the policy as including not only the person who's listed on the application, the declarations page, but also that person's spouse. So the public policy reason for allowing these named driver exclusions is so that a family who has maybe one member who has a bad driving record or an invalid driver's license, their family, someone can still get an insurance policy for their car. I don't think there's a, I mean, the Supreme Court's spoken on named driver exclusions. What we're talking about here is a named insured exclusion. And the statute mandates coverage, says shall cover the named insured. So how do you get around that part of the statute? Forget our public policy for a minute. How do you get around the statute? The statute also mandates coverage for permissive drivers. But the Supreme Court says you can still exclude permissive drivers under the named drivers. But not all permissive drivers, and that's what the Smith case said. The Smith case said you can't take all these permissive drivers and exclude them. That's a violation of the statute. Right. And I know Smith was limited to its facts, and it basically said so. But how is this different than Smith? I mean, if you're taking this big group of permissive drivers and saying they can't be excluded because it violates the statute, and now you take the named insured, the only named insured on this policy, and exclude her, why is this even worse than Smith? This woman owns a car, and by law she had to get insurance for her car. For whatever reason, she wasn't able to get an insurance policy where she would be covered without this named drivers exclusion. If you're not going to allow a named drivers exclusion for the named insured, then how is a car owner who doesn't have a spouse or friend who can be listed on the policy, how is that person supposed to get automobile insurance for the car they own as required by law? Does she have to sell her car if her license is suspended? Let's say she gets a DUI or gets pulled over or gets a ticket, they suspend her license. Does she have to sell her car? That would be a reason and basis for suspension. For the exclusion, we have no reason. The trial court heard no reason for the exclusion in this case, did they? I don't think so, no. I think it just didn't come up. The trial court was satisfied just that there was a named driver exclusion. It was signed by the named insured up front. And I would compare this to the Founders v. Munoz case. In Founders v. Munoz, the Supreme Court said this broad, reasonable belief exclusion can apply to bar coverage for an unlicensed driver, whether that unlicensed driver is a permissive user or a named insured. With the named driver exclusion, we're not relying on that broad, general exclusion that's buried somewhere in the policy. We're telling her up front, hey, you're the person who we don't want to drive this car. You're the one whose driver's record we don't like. So we're telling you right now, you're not going to be covered if you drive this car. But in Munoz, didn't the driver lack a valid driver's license? In those cases, they did, yes. And we don't know whether or not, from this record, we don't know whether or not Anna Reyes had a valid license. American Access, I'm sure, knows why this was issued. Isn't that something the trial court should have known before they granted summary judgment? No, I don't think it was necessary. If the law allows a named driver exclusion, as long as there's no illegal basis for issuing it, such as discrimination, then it should be upheld. But again, in order for the trial court to determine that it's not an illegal basis, don't they have to be given a reason? It was never implied. I don't think so. If someone had alleged that it was an illegal basis, then yes. Counsel just seems to think that it's your burden. I didn't mean to cut you off. I apologize. But it seems to think that it's your burden to show that this exclusion is valid, not to remain silent on it. In other words, it's your affirmative duty to show here's the basis for the exclusion and it's valid, rather than nobody brings it up, we assume it's valid. I don't think the law puts that burden on us. There's nothing in any of the cases deciding the validity of named driver exclusions that says you have to list a valid reason for a named driver exclusion. There's nothing in those cases that says we'll allow named driver exclusions for these reasons, but not for these reasons. Well, the law does say, though, that we should strictly enforce policies in favor of coverage, correct? The law does say that. So doesn't that, I mean, even if there's no case out there that says the burden is on you, doesn't that put the burden on you if we're strictly enforcing policies in favor of coverage? Well, this is not a case where there's an ambiguity, and I don't think you can search for an ambiguity in order to afford coverage to an injured person. This is clear in black and white, and Anna Rhea signed it up front. She knew ahead of time. She knew from the outset when she purchased this policy that she would be excluded from coverage when she drove the car. I mean, she is the named insured, correct? Yes. Okay. And you do agree that the statute says that the liability coverage, the liability part of this policy, shall cover the named insured. That's the first clause of that statute, correct? I agree. Okay, now forget about the case law. I mean, how does this fit in? I mean, just plain language of the statute. Your policy, if you're going to issue this person a policy, it shall cover the named insured if she's the named insured. How does this not violate that? Because, Your Honor, the Supreme Court has interpreted the same statute. That same statute not only says the named insured has to be covered, but permissive drivers have to be covered. The Supreme Court says despite that, you can have a named driver exclusion which excludes a permissive driver. So how is it any different as to a named insured? The Supreme Court has upheld other exclusions as to both named insureds and permissive drivers, including the food delivery exclusion in the Progressive case and the reasonable belief exclusion in the Founders v. Munoz case. In all those cases, the exclusions are allowed to apply alike to named insureds and permissive drivers. It should be no different in this case. We've now come full circle, though, because those exclusions were either stated in the policy or something at summary judgment, whether it was a hearing or a trial, or somewhere, somehow, the fact finder determined that this was a reasonable exclusion. So you're asking us to say that insurance companies, as a blanket rule, can exclude the named insured. And that's what you're asking us to do, based on this record. Based on their discretion, when we don't know why. No, I'm not asking that. Blanket rule. No, I'm not asking that. I'm not asking that you allow named driver exclusions for improper purposes or illegal purposes. How do we know what the purpose is if it's not stated? At summary judgment, if the trial court never knew the purpose or the reason for the exclusion, Justice Burke is correct. You're asking us to say to insurance companies, it's okay. You don't have to say why you're excluding a driver, because now the Second District has affirmed a summary judgment where there's nothing in the record telling us why there was an exclusion, why the named driver, named insured, was excluded. That's not necessary. I don't think that's what a decision affirming the judgment in this case would say. In this case, it didn't happen to come up. Ms. Reyes never objected to the driver. She's a party. She never alleged that there was any improper basis for it. They're alleging now that there is an improper basis for it, but they never bothered to raise that below. They never bothered to find out whether or not she had a valid driver's license or pull her driver's record from the Secretary of State. At summary judgment, that's your job, isn't it, at summary judgment? Isn't the court to affirm that the facts of the complaint are true in favor of the plaintiff? In this case, wasn't it your burden to show that the reason for the exclusion was valid? I don't think it was. I think as a matter of contract law, which interpretation of an insurance policy is, we just have to have the burden of establishing that this is what the contract is without indicating the basis for the contract. I don't think we have to come forward to say why we charged X number of dollars for the policy either or why did we include that provision in the policy, why did we include that provision in the policy. All we have to establish, I think, is that this is what the policy is. This is what the parties agreed to. Well, let me ask you this question. You have an illegal alien goes to an insurance company, and he says, I want insurance. I don't have a valid driver's license. I'm illegal. And the insurance company says, okay, I'm going to sell you the insurance, and you're an excluded driver. Sign here. Is that against public policy, or is that a valid insurance policy? If that driver goes intending to insure himself and ends up being excluded without realizing it, then I think that would be invalid. No, they tell him, you're going to be excluded because you're illegal. Is that a valid policy? Is that against public policy for an insurance company to sell an insurance policy to someone who in no way is ever going to be insurable? I think you're overstating it because that person, even if they can't drive themselves, they are covered for a number of reasons. If someone else is driving their car, they're covered. If they get hit by a hit-and-run driver or an uninsured motorist, they're covered.  So if they're driving the car and they get hit? Not if they're driving. There are lots of coverages included in the policy besides just the liability coverage. So there's a lot of reasons why one could be excluded, correct? I suppose there should be. So shouldn't the trial court hear about those before they grant summary judgment? I don't think it's necessary. Okay. Your position on summary judgment was you simply had to show what the terms of the contract were, period. And the underlying reasons for this exclusion were unnecessary for you to prevail on a motion for summary judgment. Yes. I don't think any of the cases impose that burden on the insurer to establish that this was a good reason for excluding coverage. Implicit in a motion for summary judgment when you present the terms of the contract, isn't it also implicit that you established that the contract for insurance was valid? Yes, and I believe that we did so in this case by relying upon the cases, long-standing cases from the Appellate Court and the Supreme Court, which uphold name-driver exclusions. And I think that was the burden that we had to meet, and we did meet it. And then your position, if I understand it correctly, is that State Farm didn't raise this on the trial court, and therefore the issue now is waived. I don't think they raised it in the trial court. Okay. And, yes, I think it would be waived. But if someone had raised it, I assume that we would have flushed it out if they'd objected. I don't remember seeing anything where they raised it in the trial court. Without conceding any point in your argument, if, in fact, we find that the exclusion violated the statute, what does our order look like on remand? Counsel has made some recommendations of what our order would look like on remand. Well, I would suggest that your order on remand would be to remand it to determine the basis that the exclusion was issued, the reason the exclusion was issued, because you seem to be concerned about the reason that the exclusion was issued. And if that is a concern and you feel that we're required to prove that, then I would suggest a remand for that, and then we will establish why this exclusion was issued. And I would expect ultimately the same result once it comes out why this was issued. Thank you. Any other questions? No. Thank you, Counsel. Thank you. Mr. Ryan, report of argument. Yes, Your Honor, thank you. Your Honor, it was raised in the lower court in our response to the motion for summary judgment on page 5  We go on to argue there's no evidence that Anna Reyes was a high-risk driver, so this was before the lower court. But wasn't she advised at the time she signed the policy that she was an excluded driver? Actually, Your Honor, we just know that she signed a name driver's exclusion. We don't know what she was told about it. So don't we always assume that someone read what they signed? Yes, that is what we are supposed to do. But realistically, we all know in a lot of situations that people don't. If you follow the argument of your opponent, this is a contract. She signed a contract. Regardless of what the basis is for the exclusion, she signed a contract saying, I'm going to be excluded. However, this contract violates Illinois public policy. That is the difference in this case. That is not simply a matter of contract interpretation. And though it is true she did sign the exclusion, and you can't assume that she did read it and even that she understood it, what was the basis for it? There's no evidence that this exclusion was necessary in order for her to obtain the policy. And that's one of the arguments that the appellee makes, and that's one of the arguments that the Illinois courts have made, that sometimes exclusions are necessary in order to provide insurance company. And there's no evidence of that in this case at bar. Do you distinguish between showing that the contract was valid versus in compliance with public policy? Or do you lump them all together? In other words, she signed the contract, and she's bound by the contract. But the validity of the contract seems to hinge on whether or not the exclusion was proper, and then you argued also public policy. Are you combining the two, or do you see them as two separate sources of remedy? I think I understand you, Your Honor. I'm not sure, but I think they might be two different forms, but they are interrelated. One of the reasons why this exclusion is invalid is due to the fact that it does violate Illinois public policy, and specifically violates the statute. So, yes, I believe there would be two reasons for the exclusion to be held invalid, Your Honor. There's nothing that would preclude, should we remand or should we reverse and remand? Is there anything that would preclude, after depositions, after discovery, American access to filing another motion for summary judgment with more facts? No, there wouldn't be anything to preclude them. However, if the facts show that she was not a reckless driver, had no violations, was a licensed driver, I think that it should be found that the exclusion was invalid. Well, how about if the facts after deposition and discovery show something different? Is there anything that would preclude them from filing another motion for summary judgment? No. No, Your Honor. So you're saying if the facts showed that she perhaps had a number of tickets but still had her license or was involved in several accidents before and they didn't want to insure her or insurance would have been cost prohibitive to her, that that exclusion may very well meet the statute and public policy? Yes, not necessarily those specific facts, but yes, there could be facts that would allow the exclusion to be held to be valid. Anything further, Counsel? No, Your Honors. Thank you very much for your time. I'd like to thank the attorneys for their argument. The case will be taken under advisement and will take a very short recess.